HAT-SWEAT MANUF'G CO. *v.* DAVIS S. M. CO.

*(Circuit Court, N. D. New York.   October 11, 1889.)*

PATENTS FOR INVENTIONS—WANT OF NOVELTY.
   A hat-sweat which is new only in uniting the tacking slip to the leather band
   by a turn-over seam instead of by the ordinary seam, in which the stitches
   perforate the outer face of the band, is not patentable for want of novelty.

In Equity.   Bill for an infringement of patent.

For opinion on motion to set aside service of summons, see 31 Fed.
Rep. 294; on motion for preliminary injunction, see 32 Fed. Rep. 401.

*John R. Bennett,* for complainant.

*Edmund Wetmore* and *William A. Jenner,* for defendant.

WALLACE, J.   The question which arises at the outset of this case is
whether there is any patentable novelty in the hat-sweat of the first claim
of the patent.   The claim is:

"A sweat for hats or caps of any kind, having a cord, reed, or spring-rod
attached to the body of the sweat or band by means of a covering lapping over
the reed, and secured to the band by a row of stitches passing through the
lapped portion of the covering and through the band at a distance from its
edges, substantially as shown and described."

This claim is for a sweat leather, (a plain leather band) secured to a
tacking slip (generally made of oil-silk or glazed muslin) inclosing a
reed or cord.   The parts are secured together as follows:   The tacking
slip is folded around the reed and laid sufficiently over the edge of the
leather band to allow the two to be united by either zigzag or straight
stitches which pass down close to the reed and through the tacking slip
a short distance within the edge of the leather band, and after the parts
have been thus united, the tacking slip is brought around parallel with
the back face of the leather band, thus folding the edge of the band back
upon itself, and concealing the stitches completely on the outer face.
The hat-sweat, as thus prepared, is ready to be attached to the hat by
stitching the tacking slip to the hat body.   It may be shortly described
as consisting of a tacking slip folded over a reed or cord, and a leather
band, the parts being united by an ordinary turn-over seam.   If the
stitches perforated the outer face of the leather band they would come in
contact with the head of the wearer of the hat, and furnish channels for
conducting perspiration to the body of the hat, thus discoloring and soil-
ing the exterior.   In the prior state of the art hat-sweats were variously
prepared and attached to the hats.   In some instances a plain band of
leather was sewed or whipped directly to the body of the hat; in others,
cloth inclosing a reed was stitched to the leather band, and the band was
sewed to the hat-body; in others, the tacking slip of cloth inclosing the
reed was first sewed to the hat-body near the junction of the brim, and
then the leather band was sewed to the tacking slip by over and over
stitches inclosing the reed; and again, the tacking slip, with its inclosed
reed, was stitched to the leather band by over and over stitches securing

the reed. A prior patent to Bigelow shows a hat-sweat in which an independent tacking slip is secured to the leather band by stitches which pass over and inclose the reed of the tacking slip, or by a straight line of stitches; and when this tacking slip is stitched to the hat-body, and the leather band folded to its place, the stitches over the reed are on the back face of the band, out of contact with the head of the wearer. It is apparent that the hat-sweat of the claim is only new in the feature which consists in uniting the tacking slip to the leather band by a turn-over seam instead of by the ordinary seam, in which the stitches perforate the outer face of the band. This is not invention, not only because the turn-over seam was an old and well-known substitute for the ordinary seam in making garments, but also because that seam had been used in hat-sweats, as shown in the patent to Baldwin, as a substitute for the ordinary seam, and for the purpose of protecting the hat from the perspiration liable to pass through the needle perforations. The bill is dismissed, with costs.